Filed 9/30/25  P. v. De La Cruz CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOEL PADILLA DE LA CRUZ,<br><br>    Defendant and Appellant. | A172499<br><br><br>(Sonoma County<br>Super. Ct. No. SCR7524691) |

Defendant Joel Padilla De La Cruz was charged with 35 felony counts related to his sexual abuse of four minors.  Numerous enhancements and aggravating factors were also alleged.  Defendant ultimately entered a no contest plea to six felony counts, including committing lewd acts on Jane Doe 1 and Jane Doe 3, minors under 14 years old (Pen. Code, § 288, subd. (a));[1] forcible rape of Jane Doe 2 (§ 261, subd. (a)(2)); and unlawful sexual intercourse with Jane Doe 4, a minor under 16 years old (§ 261.5, subd. (d)).  As to two of the counts, defendant admitted multiple-victim enhancements pursuant to section 667.61, subdivisions (e)(4) and (j)(2).  Defendant also admitted four aggravating factors.  In accordance with the

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

negotiated disposition, the trial court sentenced defendant to a total determinate term of 15 years plus an indeterminate term of 25 years to life.

Defendant's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which he raises no issue for appeal and asks this court for an independent review of the record. (*People v. Kelly* (2006) 40 Cal.4th 106, 123–124 (*Kelly*).) Counsel attests that he advised defendant to contact him to discuss any issue or fact defendant deems relevant on appeal. Counsel also advised defendant of his right to file a supplemental brief. Defendant has taken neither action.

We have examined the entire record in accordance with *Wende*. We agree with counsel that no arguable issue exists on appeal and, therefore, affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2023, an information was filed charging defendant with 35 felony counts related to his sexual abuse of four young females: Jane Doe 1, a minor under age 14 (counts 1–2, 30, 33); Jane Doe 2, a minor under age 14 (count 3, 27); Jane Doe 3, a minor under age 14 (counts 4–10, 28, 31, 34); and Jane Doe 4, a minor under age 16 (counts 12–26, 29, 32, 35). As to count 1, it was further alleged defendant kidnapped Jane Doe 1 (§ 667.61, subd. (d)(2)); as to count 11, it was alleged defendant engaged in the tying or binding of Jane Doe 3 (§ 667.61, subd. (e)(5)); and as to counts 1–2 and 4–11, it was alleged defendant committed an act specified in section 667.61, subdivision (j)(2) against multiple victims (§ 667.61, subd. (e)(4)). Finally, several aggravating factors were alleged under the California Rules of Court relating to both defendant and the nature of his crimes.

## I.    *Defendant's No Contest Plea.*

On November 15, 2023, defendant entered a no contest plea to six felony counts:  committing a lewd act on Jane Doe 1, a child under 14 years old (§ 288, subd. (a); count 1); forcible rape of Jane Doe 2 (§ 261, subd. (a)(2); count 3); committing a lewd act on Jane Doe 3, a child under 14 years old (§ 288, subd. (a); count 5); unlawful sexual intercourse with Jane Doe 4, a minor under 16 years old (§ 261.5, subd. (d); count 12); contacting Jane Doe 1, a minor, with the intent to commit an enumerated sex offense (§ 288.3; count 30); and arranging a meeting with Jane Doe 3, a minor, for the purpose of engaging in lewd behavior (§ 288.4, subd. (b); count 34).

As to counts 1 and 5, defendant admitted multiple-victim enhancements pursuant to section 667.61, subdivisions (e)(4) and (j)(2). Defendant also admitted four aggravating factors: (1) the crimes involved great violence or disclosed a high degree of cruelty (Cal. Rules of Court, rule 4.421(a)(1)); the victims were particularly vulnerable (*id*., rule 4.421(a)(3)); the crimes involved planning, sophistication, or professionalism (*id*., rule 4.421(a)(8)); and he engaged in conduct indicating a serious danger to society (*id*., rule 4.421(b)(1)).

The factual basis for defendant's plea is as follows.

### A.    **Jane Doe 1 (Counts 1 & 30)**

Jane Doe 1, born in May 2009, attended middle school in Santa Rosa. In February 2022, she received an Instagram direct message from a stranger with the username "Bay Boy 1 707."  This person said he was an 18-year-old named Jacob.  Jane Doe 1 responded that she was in the seventh grade at a local middle school.  Defendant said he lived near her school and would like to meet her.

3

On the same day, this person, later identified as defendant, met Jane Doe 1 at her school. She agreed to get into his car. He drove to the top floor of the parking garage of a Santa Rosa mall. Once there, defendant instructed Jane Doe 1 to get into the back seat with him. He forced her to lie down, got on top of her and began to touch her face and neck. Jane Doe 1 tried but was unable to push defendant away because he was much bigger than her. He removed her clothes and touched her thighs, chest and vagina. He then removed his clothes and inserted his penis into her vagina. Finally, defendant drove Jane Doe 1 back to school. She called her mother, who contacted the police. Defendant was arrested on February 23, 2022.

## B.     Jane Doe 2 (Count 3)

Jane Doe 2 was born in November 2006. On or about October 23, 2021, a police officer found her with defendant during a traffic stop of defendant's car in Mendocino County. The officer ordered her and defendant to exit the car after smelling marijuana. They were interviewed separately. Defendant told the officer he met Jane Doe 2 earlier that day after they messaged each other on Snapchat. He told the officer that he picked up Jane Doe 2 from a downtown Santa Rosa plaza and was taking her home to Ukiah. The officer asked defendant why his penis was out of his pants; he responded that Jane Doe 2 had removed it but he had pushed her away.

Jane Doe 2 told the officer she had been messaging defendant on Snapchat for several days before meeting him for the first time, in person, that day. Defendant met her at a shopping mall and gave her marijuana, which they smoked in the parking garage. Defendant told her he wanted to have sex and threatened not to drive her home if she refused. She agreed even though she did not want to have sex with him. He put on a condom. At one point, she pushed him away and he stopped their intercourse. He

4

then asked her to suck his penis, but she refused. Afterward, defendant smoked more marijuana. Then the pair ate a fast-food restaurant and went to a movie. About midnight, defendant began driving her home to Ukiah. Along the way, he asked her to have sex again. However, before this could occur, defendant was pulled over by the police.

### C. Jane Doe 3 (Counts 5 & 34)

Jane Doe 3 was born in March 2009. She met defendant in January 2022 while walking home from a park with a friend. She was in the seventh grade. Defendant offered the girls a ride and later contacted Jane Doe 3 by text message or through Instagram. Defendant told Jane Doe 3 he was 17 years old. She asked to hang out with him. A few days later, he picked her up in his car and drove her to a school. There, the pair smoked marijuana and had sex. After that, they hung out almost daily, almost always having sex. They had sex about 20 times. Once, he tied her hands with clothing and joked that he was going to kidnap her. She protested but continued having sex. She never really wanted to have sex with him, but she did so to get things from him such as marijuana and alcohol.

### D. Jane Doe 4 (Count 12)

Jane Doe 4 was born in August 2006. Jane Doe 4 met defendant on Snapchat in June 2021. She told defendant that she was 13 or 14 years old; he told her that he was 22 years old. After messaging for a while on Snapchat, the pair met in person at a park in Windsor. She thought they were going to take a walk; however, it ended up "being further than that." The pair got into the back seat of defendant's car, where he "kind of forced himself on [her]." Defendant first had Jane Doe 4 perform oral sex on him, and then they had sex. When Jane Doe 4 asked whether he had a condom, he replied, " 'No, I take this pill to make me not have kids.' "

5

After their first encounter, the pair met regularly throughout the summer. Usually, defendant had Jane Doe 4 perform oral sex on him before they had sex. Defendant never used a condom.

In late August 2021, defendant picked up Jane Doe 4 near her school and drove her to the top floor of a parking garage. Defendant made Jane Doe 4 feel uncomfortable, holding her and having sexual intercourse from behind. Afterward, she began to cry. She decided to pause their relationship.

Jane Doe 4 later realized she was pregnant. She informed defendant of her pregnancy in February 2022, when she also permanently ended their relationship. In March 2022, when Jane Doe 4 was 15 years old, she gave birth to defendant's daughter.

## II.   *Sentencing.*

On December 14, 2023, the trial court sentenced defendant to the stipulated term of 15 years plus 25 years to life.[2] The court also imposed a $10,000 restitution fine (Pen. Code, § 1202.4, subd. (b)); $10,000 parole revocation restitution fine, suspended pending successful completion of parole (Pen. Code, § 1202.45); $240 court security fee (Pen. Code, § 1465.8); and $180 criminal conviction assessment (Gov. Code, § 70373). He received 660 days credit for actual time served. This appeal followed.

## DISCUSSION

Pursuant to a negotiated disposition, defendant voluntarily pleaded no contest to the six felony counts identified *ante*, admitted two multiple-victim

---

[2] This sentence consisted of the upper, 11-year term on count 3; the middle, four-year term on count 30 (consecutive); a "one strike" term of 25 years to life on count 1 (consecutive); a "one strike" term of 25 years to life on count 5 (concurrent); the upper, four-year term on count 12 (concurrent); and the upper, four-year term on count 34 (concurrent).

6

enhancements, and admitted four aggravating factors.  He did so under an express agreement that he would be sentenced to a determinate term of 15 years plus an indeterminate term of 25 years to life.  Before entering this plea deal, defendant was informed of, and acknowledged, the constitutional rights he was giving up and the consequences of his plea, which included a waiver of his right to appeal.  The remaining counts were dismissed, and the remaining enhancements and special allegations were struck.

The court imposed a total sentence—15 years plus an indeterminate term of 25 years to life—consistent with both California law and the terms of defendant's agreement.  (§§ 261, subd. (a)(2), 261.5, subd. (d), 264, subd. (c)(2), 288, subd. (a), 288.3, 288.4, subd. (b), 667.61, subds. (e)(4), (j)(2); Cal. Rules of Court, rule 4.421(a)(1), (a)(3), (a)(8), (b)(1).)  The court also ordered defendant to submit to an HIV blood test (§ 1202.1), register as a sex offender (§ 290), and pay various fines and fees.

Defendant was represented by counsel and received effective assistance.  Under these circumstances, he is not entitled to avoid the consequences of his valid plea deal.  Having reviewed the entire record in accordance with *Wende*, we agree with counsel there are no meritorious issues to be argued.

## DISPOSITION

The judgment is affirmed.


Jackson, P. J.


WE CONCUR:

Simons, J.
Burns, J.

A172499/*People v. Joel Padilla De La Cruz*

7